IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT M. QUIOVERS | * | |
| Plaintiff, | * | |
| v. | * | CV 03 - __0214-CG-m__ |
| CLEAR CHANNEL BROADCASTING, INC., d/b/a WPMI-TV CHANNEL 15 | * | |
| | * | |
| Defendant. | * | |
| | * | |

## COMPLAINT

The Plaintiff, by and through his counsel of record and respectfully alleges as follows:

## INTRODUCTION

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination on the basis of race brought within the Civil Rights Act of 1991, 42 U. S. C. § 2000e *et seq.* as amended. (Title VII)

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U. S. C. § 1331 and 1343(a) (3) and (4) and 42 U.S.C. § 2000(e) – 5(f)(3).

3. The unlawful employment practices alleged herein were committed in the Southern District of Alabama.

## PARTIES

4. Plaintiff is a citizen of Mobile County, Alabama and submits himself to the jurisdiction of this Court.

5. Defendant is a corporation and is qualified to do business in Alabama. The registered agent for service is **The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.**

## NATURE OF CLAIM

6. This claim seeks restitution to Plaintiff of all right, benefits and income that Plaintiff would have had but for defendant's unlawful discriminatory practices.

7. This action further seeks compensatory damages for the harm done to the Plaintiff.

## ADMINISTRATIVE PROCEEDINGS

8. Within 180 days of some of the occurrences of which he complains, plaintiff filed charges of racial discrimination with the Equal Employment Opportunity Commission (EEOC), charge number 130A203123.

9. On or about January 13, 2003 Plaintiff received via United States mail a "Notice of a Right to Sue".

## STATEMENT OF CLAIM

10. Plaintiff, Albert M. Quiovers, was hired by Clear Channel Broadcasting, Inc., WPMI-TV Channel 15, Mobile, Alabama on or about January 2000 as a videographer.

11. The Plaintiff notices almost immediately that he was treated differently than non-minority videographers by his employer, specifically the news director. Upon information and belief, it was the practice of the employer to assign new employees the least desirable shifts and assignments. However, several new non-minority videographers were hired and given preferential shift assignments and better equipment than the Plaintiff, a minority.

12. The Plaintiff was on assignment and was confronted by a Mobile Police Officer and reprimanded for the manner in which he was carrying out his duties. The Plaintiff was filming the news event in the same manner that he had filmed these events in the past for former employers and was following the policies and procedures of his current employer. The Plaintiff filed a complaint with he Mobile Police Department's Third Precinct and voiced his complaint to his City Councilman Fred Richardson. Upon learning of these events, the news director called the Plaintiff into this office and severely reprimanded him for exercising his rights to complain about perceived mistreatment at the hands of the Mobile Police Department. Upon information and belief, the Plaintiff had followed all policies and procedures of the Defendant in reporting the incident.

13. During the Plaintiff's employment, eh was filming a remote event when his camera malfunctioned. Management personnel of the Defendant attempted to coerce a co-employee, also a minority, to write a report of the incident blaming the problem on the Plaintiff. This co-employee refused to comply with management's request. Management was able to coerce the chief engineer, a non-minority, to write a report stating that the equipment was properly functioning and the poor transmission was the fault of the Plaintiff.

14. Upon information and belief, no non-minority videographers were caused to suffer the type of harassment and scrutiny visited upon the Plaintiff. Upon information and belief, Plaintiff's race was the motivating factor for the Defendant's constant mistreatment of the Plaintiff.

15. On or about July 10, 2002, Plaintiff was terminated without reason. Upon information and belief, Plaintiff asserts that his termination was based on his race.

16. Upon information and belief, the Plaintiff's position was filled by a non-minority.

17. Upon information and belief, other minority employees were hired, mistreated and subsequently fired by the Defendant.

## COUNT 1

18. This is a claim to redress unlawful racial discrimination practices in violation of Title VII, 42 U.S.C. § 2000e *et.seq.*

19. Plaintiff fully adopts and incorporates all of the foregoing paragraphs of this complaint as if fully set out herein.

20. The conduct of the Defendant as alleged hereinabove violates Title VII of the Civil Rights Act of 1991 as amended.

21. The effect of the previously stated action by the Defendant deny Plaintiff equal employment opportunities, income in the form of wages, prospective retirement and other such benefits, and social security benefits.

22. Plaintiff has suffered and will continue to suffer irreparable injury from the Defendant's policy and practice regarding race.

23. Defendant acted with malice and reckless disregard to Plaintiff's civil rights.

24. Plaintiff is entitled to injunctive relief and money damages for Defendant's violations of his rights as guaranteed by Title VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays this Honorable Court assume jurisdiction of this action and after trial provide relief as follows:

   A. Issue a declaratory judgment that the employment practices, policies, procedures, conditions, and customs of the Defendants are volative of the rights of the Plaintiff as secured by Title VII as amend3ed by the Civil Rights Act of 1991.

   B. Enter an order requiring the Defendants to make the Plaintiff whole by awarding him back pay, front pay, compensatory and punitive damages. Plaintiff also requests any loss of work related benefits, including but not

limited to loss of healthcare, vacation pay, holiday pay, compensatory time or any other benefit no matter how it is denoted by the Defendant.

D. Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited tom and award of costs, attorney fees and expenses incurred by this litigation.

          Respectfully Submitted,
          CAMPBELL, DUKE, & SHERLING
          Attorneys for Plaintiff

By: _____
     Robert C. Campbell, III   (CAMP R6698)
     Barry C. Prine   (PRIN B0726)
     3763 Professional Parkway
     Mobile, Alabama 36609
     251 344-7241

Defendants Address:

Clear Channel Broadcasting, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109